UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81266-CIV-MARRA

YOUR BABY CAN, LLC, a California
Limited Liability Company,

Plaintiff,

vs.

PLANET KIDS, INC, a Florida corporation, et al,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (DE 11). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff Your Baby Can, LLC ("Plaintiff") brings a five-count Complaint for trademark infringement pursuant to 15 U.S.C. § 1114 (count one); copyright infringement pursuant to 17 U.S.C. § 501(a) (count two); federal unfair competition pursuant to 15 U.S.C. § 1125(a) (count three); federal dilution pursuant to 15 U.S.C. § 1125(c) and a violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501 against Defendants Planet Kids, Inc., Planet Kids at Cypress Lakes, Inc., Planet Kids II-IX, Inc., Planet Kids XII, Inc., Planet Kids XIV, Inc., Planet Kids XVI-XVII, Inc., Manuel Sarriea and John Does 1-25.

According to the allegations of the Complaint, Plaintiff is the developer and distributor of programs for early reading and other skills development for children. "Your Baby Can®" represents intellectual property consisting of a series of programs in text form and DVD format

which are protected under domestic and international copyright and trademark law and other proprietary rights and legal theories. (Compl. ¶ 26.)  The Complaint identifies the various trademarks and copyrights Plaintiff owns and has registered. (Compl. ¶ ¶ 27-35.)  In addition, the Complaint describes Plaintiff's efforts at marketing its products and the goodwill associated with those products. (Compl. ¶ ¶ 36-38.)  The Complaint also describes Plaintiff's pre-filing investigation regarding Defendants' actions that it alleges gives rise to a finding of willful infringement. (Compl. ¶ ¶ 39-45.)

Defendants Planet Kids, Inc., Planet Kids at Cypress Lakes, Inc., Planet Kids II-IX, Inc., Planet Kids XII, Inc., Planet Kids XIV, Inc., Planet Kids XVI-XVII, Inc. and Manuel Sarriea ("Defendants") move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the sole basis that the Complaint is a "shotgun pleading."  According to Defendants, the Complaint impermissibly "incorporates by reference every paragraph that precedes it which is the definition of a shotgun pleading." (Mot. at 4.)

The Court begins its discussion by noting that the proper remedy for a shotgun pleading is the alternative relief of a more definite statement under Rule 12(e), and not a motion to dismiss pursuant to Rule 12(b)(6) as sought here. Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th 1996).  A defendant faced with a shotgun pleading "is not expected to frame a responsive pleading;" however, once a more definite statement is provided, "the defendant will be able to discern what the plaintiff is claiming [in order] to frame a responsive pleading." Id.  Significantly, in the instant action, Defendants filed an answer to each and every count of the Complaint. (DE 10.)  Filing an answer suggests to this Court that it was not "virtually impossible" for Defendants "to know which allegations of fact are

2

intended to support which claim(s) for relief." Id.

Indeed, it is clear from the Complaint that Plaintiff is accusing Defendants of violating various intellectual property and trade practices relating to its "Your Baby Can®" products.  In other words, both the Court and Defendants can ascertain from the Complaint how Plaintiff was allegedly wronged by Defendants, what legal theories Plaintiff is pursuing and how the factual assertions play into those legal theories.  As such, this is not a shotgun pleading and Defendants' motion is denied.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint (DE 11) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of January, 2011.

                                                        KENNETH A. MARRA
                                                      United States District Judge

---

[1] Defendants raise for the first time in their reply brief the argument that the Complaint is a shotgun pleading because there is only one prayer for relief. (Reply at 3.)  Raising an argument in a reply memorandum does not provide the opposing party an opportunity to address the newly-raised contentions. As such, the Court will not address it. See Rule 7.1(c) of the Southern District of Florida ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); Tallahassee Mem. Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir.1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief") (citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir.1984)).